```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

SANDRA J. ANDERSON,             :

    Plaintiff,                  :

vs.                             :
                                   CIVIL ACTION 08-0712-M
MICHAEL J. ASTRUE,              :
Commissioner of
Social Security,                :

    Defendant.                  :

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 17).  Oral argument was waived in this action (Doc. 19).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED.**

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence.  *Richard-*

*son v. Perales*, 402 U.S. 389, 401 (1971).  The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

At the time of the administrative hearing, Plaintiff was fifty years old, had completed three years of college (Tr. 27), and had previous work experience as a night auditor, an office clerk, a waitress, a cashier, and a bookkeeper (Tr. 44-45).  In claiming benefits, Plaintiff alleges disability due to hypertension, fibromyalgia, inflammatory arthritis, status post cataract surgery, lumbar facet arthropathy, knee tendonitis, and arthritis (Doc. 12 Fact Sheet).

The Plaintiff filed protective applications for disability benefits and SSI on April 7, 2006 (*see* Tr. 10; Tr. 85-94). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that Anderson was capable of returning to her past relevant work as an order clerk (Tr. 7-23). Plaintiff requested review of the hearing decision (Tr. 5-6) by the Appeals Council, but it was denied (Tr. 1-3).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Anderson alleges the single claim that the ALJ did not properly consider

the opinions and conclusions of her treating physician (Doc. 12). Defendant has responded to—and denies—this claim (Doc. 13). The relevant medical evidence of record follows.[1]

On Jun 2, 2006, Dr. John B. Douglas, who specializes in internal medicine and Rheumatology, examined Anderson and noted full range of motion (hereinafter *ROM*) in her extremities (Tr. 149-50). In her back, she had "15 degrees lateral flexion [and] 75 degrees anterior flexion with stated pain on coming back to the upright position; . . . She has little groaning when lying down and sitting up on the examining table but no real difficulty" (Tr. 149). Strength was 5/5; she could heel and toe walk. Dr. Douglas's assessment was as follows: (1) low back pain mild to moderate; (2) hypertension in adequate control, and (3) hypothyroidism.

On April 18, 2007, Dr. William Sullivan, a Rheumatologist, examined Plaintiff who complained of "an impressive number of tender points throughout her spine, back, hands, [and] arms. Palpation of any area causes significant discomfort, over her joints and also over soft tissue in the paraspinous region" (Tr. 212; *see generally* Tr. 15, 212-19). On physical examination, the doctor noted that "[w]ith movement of the neck in extension, patient [complains of] sharp pain radiating down into the back"

---

[1]As Plaintiff has raised but a single claim, the Court will summarize only the evidence necessary to resolve that claim.

(Tr. 213).  There was good ROM in shoulders, elbows, wrists, hips, knees, and ankles though there was tenderness over the wrists with some minimal synovitis; strength was 5/5 in both the upper and lower extremities.  "Straight leg raise caused some pain in the right hip and buttock region;" pulses and sensation were intact (Tr. 213).  X-rays showed mild degenerative changes in the cervical spine and "degenerative changes, primarily facet arthropathy, in the lower lumbar spine" (Tr. 215; *see also* Tr. 214).  Sullivan continued the NSAID's that she had been taking and prescribed Amitriptyline[2] for fibromyalgia as well as Celebrex.[3]  The doctor's impression was:  (1) concern for possibly inflammatory arthritis; (2) fibromyalgia; and (3) neck and back pain.  On June 12, Dr. Sullivan noted good ROM in shoulders, elbows, wrists, hips, knees, and ankles with full strength in upper and lower extremities; his assessment was inflammatory arthritis (Tr. 211).  On August 16, examination results for ROM and strength were the same as two months earlier, though the doctor noted tenders points in the hips, knees, and shoulders; he prescribed Neurontin[4] and said that he would see

---

[2]*Amitriptyline*, marketed as *Elavil*, is used to treat the symptoms of depression.  *Physician's Desk Reference* 3163 (52nd ed. 1998).

[3]*Celebrex* is used to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis in adults, and for the management of acute pain in adults.  *Physician's Desk Reference* 2585-89 (58th ed. 2004).

[4]*Neurontin* is used in the treatment of partial seizures.  *Physician's Desk Reference* 2110-13 (52nd ed. 1998).

4

her again in six months (Tr. 210).  Two months later, Sullivan again noted good ROM in shoulders, elbows, wrists, hips, knees and ankles with full strength in all extremities (Tr. 238).

On November 5, 2007, Dr. Sullivan completed a pain form in which he indicated the following:  Anderson experienced pain that would distract her from adequately performing her daily activities or work; physical activity would greatly increase her pain to a degree that she would be distracted from—and may even abandon—whatever task she was performing; and that her prescribed medications for the pain would cause some side effects, but would not create serious problems in most instances (*see* Tr. 234-36). Sullivan indicated that Plaintiff's underlying medical condition was consistent with the pain that she experienced.  For some unknown reason, Dr. Sullivan declined to complete a physical capacities evaluation (hereinafter *PCE*) for Anderson (Tr. 236-37).

On November 28, 2007, Dr. Sullivan noted good ROM in shoulders, elbows, wrists, hips, knees, and ankles though there was tenderness in the plantar fascia region and some swelling in her wrists; he prescribed Mobic[5] (Tr. 254).

On December 18, 2007, Dr. Todd D. Elmore, Neurologist, examined Plaintiff and noted that she had "a wide variety of

---

[5]*Mobic* is used for the relief of signs and symptoms of osteoarthritis and rheumatoid arthritis.  *Physician's Desk Reference* 855-57 (62nd ed. 2008).

5

diffuse complaints" though she was in no acute distress (Tr. 241; *see generally* Tr. 241-48). The doctor noted that she was alert and oriented with intact memory; he noted some diffuse motor weakness. Gait and station were normal, with no abnormalities of toe walking or coordination; Anderson had limited ROM in her cervical and lumbar spine. Elmore performed an NCV and EMG of her bilateral lower extremities which were essentially normal. His impression was as follows: (1) subjective neck and back pain with no abnormalities other than subjective limited ROM; (2) Fibromyalgia with myofascial pain; and (3) inflammatory arthritis (Tr. 243). Noting that Plaintiff could perform sedentary work (Tr. 243), Dr. Elmore completed a PCE which indicated that Anderson could sit four, stand three, and walk two hours at a time and sit seven, stand five, and walk three hours during an eight-hour day (Tr. 244). The doctor stated that Plaintiff could lift and carry ten pounds continuously, twenty pounds frequently, and twenty-five pounds on an occasional basis; she would have no problems with simple grasping, fine manipulation, or using arms or feet for pushing and pulling. Dr. Elmore further indicated that Anderson could bend, squat, and crawl occasionally and was only mildly restricted at being at unprotected heights, being exposed to marked changes in temperature and humidity, and driving automotive equipment.

On January 29, 2008, Dr. Sullivan noted that Anderson's

examination was normal (Tr. 253).  On March 31, Dr. Sullivan noted good ROM in all joints with minimal swelling and synovitis though the joints were tender; strength was 5/5 in upper and lower extremities (Tr. 250).

Plaintiff's only claim in this action is that the ALJ did not accord proper legal weight to the opinions, diagnoses and medical evidence of her physician.  She more specifically references the opinion of Dr. William Sullivan (Doc. 12, p. 3).  It should be noted that "although the opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion."  *Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. 1981);[6] *see also* 20 C.F.R. § 404.1527 (2008).

In his determination, the ALJ faithfully summarized all of the medical evidence in finding that Plaintiff could return to her past relevant work as an order clerk (Tr. 7-23).  He gave substantial weight to Dr. Elmore's evaluation, finding it consistent with the medical evidence (Tr. 19).  However, he further stated that

> [n]o weight has been given to the pain

---

[6]The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

>           assessment provided by Dr. Sullivan as it is
>           clearly inconsistent with his treatment notes
>           as there is no indication in the notes to
>           suggest that standing or moving of
>           extremities would cause so much pain that the
>           claimant would need total abandonment of
>           task.  The assessment is also inconsistent
>           with the range of motion indications
>           contained [in] his treatment records.
>           Additionally, Dr. Sullivan's assessment is
>           inconsistent with the reports of Dr. Elmore
>           and Dr. Douglas which reflected only mild-to-
>           moderate pain.

(Tr. 19) (citations omitted).

The Court finds substantial support for the ALJ's conclusions.  Dr. Sullivan's examination notes are inconsistent with the extreme limitations suggested in the Pain Form and inconsistent with the other evidence of record.  Anderson's claim otherwise is without merit.

Plaintiff has raised a single claim in bringing this action.  That claim is without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate Order.

DONE this 4th day of June, 2009.

                              s/BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE